IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BRUCE F. ESELU, | ) | CIVIL NO. 05-00086 DAE-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| KUAKINI MEDICAL CENTER, | ) | |
| Defendant. | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS
TO DEFENDANT KUAKINI MEDICAL CENTER'S BILL OF COSTS**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is Plaintiff Bruce F. Eselu's ("Plaintiff") Objections to Defendant Kuakini Medical Center's Bill of Costs ("Objections"), filed April 24, 2006. Defendant Kuakini Medical Center ("Defendant") filed its Bill of Costs on April 13, 2006. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court tax costs against Plaintiff in the amount of $5,876.03.

**BACKGROUND**

Plaintiff filed the instant employment discrimination action in the First Circuit Court, State of Hawai`i, on December

28, 2004.  Defendant filed a Notice of Removal to the United States District Court for the District of Hawai`i on February 4, 2005.  In the Complaint, Plaintiff alleged: 1) race and national origin discrimination, harassment, and retaliation in violation of Title VII (Count I); 2) discrimination in violation of 42 U.S.C. § 1981 (Count II); 3) sex discrimination in violation of Hawai`i Revised Statutes chapters 368 and 378 (Count III); 4) intentional infliction of emotional distress (Count V [sic]); 5) negligent infliction of emotional distress (Count VI [sic]); and 6) punitive damages (Count VIII [sic]).

On November 17, 2005, the district court granted Defendant summary judgment on Counts III and VI.  On February 27, 2006, the district court granted summary judgement in favor of Defendant on all other counts.  Judgment was entered on March 14, 2006.  Defendant now seeks taxation of the following costs:

| | |
|---|---|
| Fees of the Clerk | $   150.00 |
| Fees for service of summons and subpoena | $   320.00 |
| Fees of the Court Reporter for all or any part of the Stenographic Transcript Necessarily Obtained for Use in the Case | $4,792.37 |
| Fees for Witnesses | $   292.00 |
| Fees for the Exemplification and Copies of Papers Necessarily Obtained for Use in the Case | $1,889.73 |
| Compensation of interpreters | $   333.31 |
| **Total** | **$7.777.41** |

[Bill of Costs at 1-2.]  Plaintiff objects to the $1,889.73 request for copying costs.  Plaintiff argues that "[t]here is insufficient specificity of the 'documents copied, the number of

pages copied and the use of or intended purpose for the items copied'". [Objections at 1.] Plaintiff did not raise objections to any of the other requests.

## DISCUSSION

### I. Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). Insofar as the district court granted summary judgment in favor of Defendant on all counts, this Court finds that Defendant is the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)). Section 1920 enumerates the following costs:

    1.   Fees of the clerk and marshal;
    2.   Fees of the court reporter for all or any

        part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II. Calculation of Taxable Costs

### A. Plaintiff's Objections

Plaintiff objects to Defendant's request for copying costs. Defendant's request consists of the following:

| Date | Description | Amount |
|---|---|---|
| 2/20/05 | Copying Charges by Alston Hunt Floyd & Ing | $47.80 |
| 3/7/05 | Copying Charges by Equal Employment Opportunity Commission | $53.10 |
| 3/23/05 | Copying Charges by Alston Hunt Floyd & Ing | $0.90 |
| 4/20/05 | Copying Charges by Alston Hunt Floyd & Ing | $10.00 |
| 5/25/05 | Copying Charges by Alston Hunt Floyd & Ing | $121.00 |
| 6/20/05 | Copying Charges by Alston Hunt Floyd & Ing | $35.50 |
| 7/15/05 | Copying Charges by Alston Hunt Floyd & Ing | $86.10 |
| 7/21/05 | Copying Charges by Accucopy | $52.08 |
| 8/9/05 | Copying Charges by Alston Hunt Floyd & Ing | $129.40 |
| 9/9/05 | Copying Charges by Hawai`i Civil Rights Commission | $0.35 |
| 9/15/05 | Copying Charges by Alston Hunt Floyd & Ing | $29.20 |
| 10/19/05 | Copying Charges by Alston Hunt Floyd & Ing | $178.30 |
| 11/15/05 | Copying Charges by Alston | $134.20 |

```
                     Hunt Floyd & Ing
   12/11/05   Copying Charges by Alston      $   224.30
                     Hunt Floyd & Ing
   1/25/06    Copying Charges by Alston      $   403.80
                     Hunt Floyd & Ing
   3/2/06     Copying Charges by Alston      $   383.70
                     Hunt Floyd & Ing
                                  Subtotal       $1,889.73
```

[Mem. in Supp. of Bill of Costs at 5-6.]  Thus, Defendant requests $1,784.20 for in-house copying and $105.53 for copying by outside vendors.  Defendant submitted redacted copies of Alston Hunt Floyd & Ing's ("Alston Hunt") invoices showing the copying costs that counsel incurred, as well as receipts for the copying done by outside vendors.  [Exhs. A & E to Aff. of Anna Elento-Sneed in supp. of Bill of Costs ("Elento-Sneed Aff.").] The only information provided in the invoices is the total copying costs for that month.

> The Local Rules state that:
>
> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule LR54.2(f)4.

### 1.   **Copies by Outside Vendors**

Defendant states that it incurred copying charges from

the Hawai`i Civil Rights Commission ("HCRC") for "copying its file for preparation of this case." [Elento-Sneed Aff. at ¶ 14.] The HCRC charged $0.05 per page for seven pages. [Id.] Defendant included a receipt from the HCRC $0.35. [Exh. E to Elento-Sneed Aff.] This Court finds that this expense is reasonable and sufficiently documented.

Defendant incurred copying charges from the Equal Employment Opportunity Commission ("EEOC") for "copying its file for preparation of this case." [Elento-Sneed Aff. at ¶ 12.] Defendant also included a letter from the EEOC confirming receipt of the $53.10 payment. [Exh. E to Elento-Sneed Aff.] The Court finds that this expense is not taxable because Defendant did not state how many copies of the file it made and what the per page charge was. See Local Rule LR54.2(f)4.

Defendant had one copy of a 500-page set of documents made by Accucopy, Inc. at a cost of $0.10 per page. Defendant included an invoice for the $52.08 charge. [Exh. E to Elento-Sneed Aff.] Defendant states that the copies were "necessary for litigating this case." [Elento-Sneed Aff. at ¶ 13.] The Court finds that this expense is not taxable because Defendant did not identify what documents were copied. See Local Rule LR54.2(f)4.

### 2. **In-house Copying**

Defendant incurred $1,784.20 for counsel's in-house copying at a rate of $0.10 per page. [Elento-Sneed Aff. at ¶

6

15.] This presumably represents a total of 17,842 copies throughout this case. Defendant states that these copies "were necessary for counsel's effective performance in and defending Kuakini from the claims raised in this action." [Id.] The Alston Hunt invoices each only provides the total in-house copying cost for that month. This Court therefore finds that this expense is not taxable because Defendant failed to provide information about what documents were copied and how many copies were made. Further, even in light of counsel's affidavit, this Court cannot find that Alston Hunt's in-house copies were necessary for use in the case.

### 3.  **Summary of Copying Costs**

This Court FINDS that a total of $0.35 for copying by outside vendors is taxable. The Court therefore RECOMMENDS that Plaintiff's Objections be GRANTED IN PART and DENIED IN PART. This Court RECOMMENDS the district court allow taxation of $0.35 for copying and that the remainder of Defendant's request for taxation of copying costs be DENIED WITHOUT PREJUDICE to a resubmission of costs supported with the information required by Local Rule 54.2(f)4.

### B.  **Other Cost Requests**

Although Plaintiff did not raise other objections to Defendant's Bill of Costs, insofar as this Court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S.

at 441-42, this Court must review Defendant's other request items to determine if they are taxable.

### 1. **Fees of the Clerk**

Section 1920(1) allows for the taxation of the fees of the Clerk. Defendant requests $150.00 for the fees associated with the filing of the Notice of Removal and submitted a receipt for the payment. [Exh. C to Elento-Sneed Aff.] The Court finds this expense to be taxable.

### 2. **Service Fees**

Section 1920(1) allows for the taxation of the fees of the marshal. Defendant requests $320.00 consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 6/9/05 | Sheriff's Invoice to Serve Subpoena on Karen Stahl (Starr Seigle) | $ 25.00 |
| 6/20/05 | Sheriff's Invoice to Serve Subpoena on Mutsuoki Kai and Kaiser Permanente | $ 58.00 |
| 6/24/05 | Sheriff's Invoice to Serve Subpoena on Kaiser Permanente | $ 29.00 |
| 7/22/05 | Sheriff's Invoice to Serve Subpoena on ILWU | $ 31.00 |
| 9/7/05 | Sheriff's Invoice on attempted service of Subpoena on ILWU | $ 16.00 |
| 9/8/05 | Sheriff's Invoice on attempted service of subpoena on ILWU | $ 25.00 |
| 9/8/05 | Sheriff's Invoice to Serve Subpoena on Mutsuoki Kai, M.D. | $ 33.00 |
| 12/21/05 | Sheriff's Invoice to Serve Subpoena on Martin Blinder, M.D. | $ 60.00 |
| 1/6/06 | Sheriff's Invoice to Serve Subpoena on Martin Blinder, M.D. | $ 43.00 |
| | **Subtotal** | **$320.00** |

[Mem. in Supp. of Bill of Costs at 2.]  Defendant included an invoice for each expense.  [Exh. B to Elento-Sneed Aff.]  The Court finds that these expenses are taxable.

### 3. Court Reporter Fees

Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Defendant requests $4,792.37 for court reporter fees consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 6/30/05 | Original plus one copy of Transcript and Exhibits re Starr Seigle Communications, Inc. Subpoenaed Records | $  127.03 |
| 7/7/05 | Original plus one copy of Transcript and Exhibits Re Mutsuoki Kai, M.D. Subpoenaed Records | $  366.62 |
| 10/3/05 | Original and one copy of Transcript of Mutsuoki Kai, M.D. | $1,282.85 |
| 10/5/05 | Original and one copy of Transcript of Bruce Eselu | $1,090.50 |
| 1/3/06 | Original and one copy of Transcript and Exhibits re Martin Blinder, M.D. Subpoenaed Records | $  179.12 |
| 1/19/06 | Original and one copy of Transcript of Martin Blinder, M.D. | $1,293.40 |
| 1/24/06 | Transcript of Deposition of Robert Muranaka taken on 1/19/06 | $  452.85 |
|  | **Subtotal** | **$4,792.37** |

[Mem. in Supp. of Bill of Costs at 3.]  Defendant submitted an invoice for each expense.  [Exh. D to Elento-Sneed Aff.]  This Court finds that all of the transcripts were necessarily obtained

9

for use in the case and that Defendant's court reporter fees are taxable in full.

### 4. Witness Fees

Section 1920(3) allows for the taxation of witness fees. "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Local Rule LR54.2(f)(3); see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)); Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1130 (D. Hawai`i 1999) (same).

Defendant requests $292.00 in witness fees consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 6/9/05 | Custodian of Record – Starr Seigle | $ 40.00 |
| 6/16/05 | Custodian of Records – Mutsuoki Kai, M.D. | $ 42.00 |
| 6/16/05 | Custodian of Records – Kaiser | $ 44.00 |
| 6/23/05 | Custodian of Records – Kaiser | $ 44.00 |
| 9/2/05 | Mutsuoki Kai, M.D. | $ 42.00 |
| 12/16/05 | Custodian of Records – Martin Blinder, M.D. | $ 40.00 |
| | Martin Blinder, M.D. | $ 40.00 |
| | **Subtotal** | **$292.00** |

[Mem. in Supp. of Bill of Costs at 4.]  Defendant states that it paid Dr. Kai and Dr. Blinder their hourly rates for their depositions, but Defendant only seeks the fee authorized by statute.  [Id.]  Defendant cites Alston Hunt's invoices as

10

support for the fees.  The invoices reflect that the payments were for witness fees and mileage.  [Exh. A to Elento-Sneed Aff.]

Pursuant to § 1821(a), witnesses are entitled to the statutory fee when they attend court or have their deposition taken.  Each of the requested witness fees were for depositions.  The Court finds that the $40.00 witness fee for each of the seven deponents is taxable.

The remaining fees of $2.00 for Dr. Kai's custodian of records and Dr. Kai, and $4.00 for the two Kaiser custodians of records apparently represent mileage payments.  Section 1821(c)(2) provides:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(c)(2).  There is no indication that Defendant calculated the requested mileage allowances in accordance with § 1821(c)(2).  The Court therefore finds that the mileage allowances are not taxable.

### 5.   **Interpreter Fees**

Section 1920(6) allows for the taxation of interpreters' compensation.  Defendant requests $333.31 for translation and interpreter services during Dr. Kai's deposition.

[Mem. in Supp. of Bill of Costs at 6.]  Defendant submitted an invoice for the interpreter's services.  [Exh. F to Elento-Sneed Aff.]  The Court finds that this expense is reasonable and sufficiently documented.  The Court therefore finds that Defendant's request for interpreter fees is taxable in full.

### 6. Summary of Taxable Costs

This Court FINDS that Defendant has established that the following costs are taxable:

| | |
|---|---|
| Fees of the Clerk | $   150.00 |
| Fees for service of summons and subpoena | $   320.00 |
| Fees of the Court Reporter for all or any part of the Stenographic Transcripts Necessarily Obtained for Use in the Case | $4,792.37 |
| Fees for Witnesses | $   280.00 |
| Fees for the Exemplification and Copies of Papers Necessarily Obtained for Use in the Case | $     0.35 |
| Compensation of interpreters | $   333.31 |
| **Total** | **$5,876.03** |

The Court therefore RECOMMENDS that the district court tax costs against Plaintiff and for Defendant in the amount of $5,876.03.

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Objections to Defendant Kuakini Medical Center's Bill of Costs, filed April 24, 2006, be GRANTED IN PART and DENIED IN PART and that the district court tax costs against Plaintiff in the amount of $5,876.03.  This Court recommends that the district court deny Defendant's request for taxation of copying costs without

prejudice to a resubmission of properly documented costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 11, 2006.



　　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

**BRUCE F. ESELU V. KUAKINI MEDICAL CENTER; CIVIL NO. 05-00086 DAE-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS KUAKINI MEDICAL CENTER'S BILL OF COSTS**